IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SANDRA HOWE, | ) |
| Plaintiff, | ) ) ) ) Cause No.: 4:16-CV-898 |
| v. | ) ) **JURY TRIAL DEMANDED** |
| COMPASS GROUP USA, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

### PARTIES & JURISDICTION

COMES NOW Plaintiff Sandra Howe, by and through her attorneys, and for her complaint against Defendant Compass Group USA, Inc., states as follows:

1. This is an action for monetary damages, declaratory and injunctive relief and other equitable and ancillary relief, brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C., Section 621 *et seq.*

2. Plaintiff, Sandra Howe (hereinafter "Plaintiff" or "Howe"), is an individual residing in the State of Missouri in the Eastern District of Missouri.

3. Defendant Compass Group USA, Inc. ("Compass Group" or "Defendant") is a North Carolina corporation, doing business in the State of Missouri.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Plaintiff requests a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

6. Venue is proper in the Eastern District of Missouri because Plaintiff resides therein, Defendant does business herein, and all of the events complained of herein occurred in St. Louis County, Missouri within the Eastern District of Missouri.

7.	Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  She received a Notice of Right to Sue Letter on March 23, 2016 from the EEOC and has timely filed this action within 90 days of receipt of that Notice of Right to Sue Letter.  (See the attached Exhibit 1).

## FACTS COMMON TO ALL COUNTS

8.	Plaintiff was employed as the Director of Housekeeping at Alexian Brothers Landsdowne Village at the time of her illegal termination on September 1, 2015.

9.	Plaintiff had worked at this facility since 1989, for over 26 years.

10.	In 2012, a corporate change resulted in Plaintiff being employed by Compass. Compass then contracted with Alexian Brothers Landsdowne Village for the same services.

11.	On July 29, 2015, without warning or any prior disciplinary action, Plaintiff was placed on a performance improvement plan ("PIP").  She was given one month to comply with the PIP or be terminated.

12.	During the course of this one-month PIP, Plaintiff was on vacation for two-weeks on a previously scheduled and approved vacation.

13.	On September 1, 2015, Plaintiff was informed that she had not completed the PIP and was terminated after 26 years of service.

14.	At the time of her termination, Plaintiff was 61 years old.

15.	Plaintiff was replaced by an employee under 40 years old and with no managerial experience.

16.	Around the same time that Plaintiff was terminated, two other employees in the same age range as Plaintiff were terminated.  One employee, Marilyn Wilson, was replaced by

an employee under the age of 40. The other employee, Becky Wilson, had her position eliminated.

### COUNT I – ADEA Age Discrimination

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count I of her Complaint, states as follows:

17.  Plaintiff incorporates the preceding paragraphs of this Complaint into Count I of this Complaint as if fully set forth herein.

18.  Plaintiff brings this action pursuant to 29 U.S.C. Section 621 of the ADEA, to recover lost wages, compensation, benefits, liquidated damages, attorneys' fees and other recoverable damages owed to Plaintiff by Defendant because of Defendant's discrimination against Plaintiff because of her age, then 61, which placed her in the protected age class at the time of her discharge in 2015.

19.  Plaintiff began working at the Alexian Brothers Landsdowne Village facility in 1989. She was deeply dedicated to her job and to the residents at the facility.

20.  Plaintiff received promotions and increasingly more responsibility throughout her years of service.

21.  On September 1, 2015, Plaintiff was terminated without cause and due to her age.

22.  As a direct and proximate result of Plaintiff's termination by Defendant, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary.

23.  The conduct of Defendant was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of liquidated damages against Defendant.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendant and thereafter:

A.	Order Defendant to make Plaintiff whole for any and all loses or damages she has suffered including back pay, benefits of employment, and front pay;

B.	Reinstatement to her former position with all emoluments of that position;

C.	Award Plaintiff liquidated damages against the Defendants in such sum as this court believes is fair and reasonable;

D.	Award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and

E.	Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

**NEWTON BARTH, L.L.P.**

By:  /s/ *Brandy B. Barth*
Brandy B. Barth, 56668MO
7515 Delmar Blvd.
St. Louis, Missouri 63130
(314) 272-4490 – Telephone
(314) 762-6710 – Facsimile
bbarth@newtonbarth.com

By:  /s/ *Lee Patton*
Lee Patton, 30631MO
11413 Manchester Road
St. Louis, Missouri 63122
(314) 965-2888– Telephone
(314) 314-821-1423– Facsimile
lee@leepattonlaw.com


Attorneys for Plaintiff